# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**VIRGIL STEELE III,**
**Claimant Below, Petitioner**

vs.)    **No. 18-0468** (BOR Appeal No. 2052450)
                    (Claim No. 2016027389)

**ARCELORMITTAL USA,**
**Employer Below, Respondent**

**FILED**

**November 2, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Virgil Steele III, by Jerome J. McFadden, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Arcelormittal USA, by T. Jonathan Cook, its attorney, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim for occupational asthma on May 5, 2016. The Office of Judges affirmed the decision in its December 20, 2017, Order. The Order was affirmed by the Board of Review on April 23, 2018. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Steele, a surface miner, alleges that he developed occupational asthma as a result of work place dust exposure. A November 21, 2013, treatment note from Giles Community Hospital indicates a CT scan of the chest showed a leftward anterior mediastinal low density mass indicative of a thymol cyst, duplication cyst/pericardial cyst, or bronchogenic cyst. There was no pulmonary embolism. Mr. Steele had a history of pulmonary hypertension, chronic obstructive pulmonary disease, asthma, shortness of breath, shortness of breath on exertion, reactive airway disease, unspecified asthma, tobacco use, chronic obstructive asthma, and asthma with acute exacerbation. Mr. Steele was treated by Stephen Miller, D.O., from 2013 to 2016. In

1

that time, Dr. Miller diagnosed asthma, abnormal findings on radiological and other examination of the lungs, cough, wheezing, pulmonary hypertension, and acute bronchitis.

A January 12, 2015 treatment note from Tug River Valley Health Association, Inc., indicates Mr. Steele reported shortness of breath, wheezing, cough, and chest pain for over a year. He reported exposure to coal and rock dust for three years underground and six years above ground. Chest x-rays showed pneumoconiosis. A pulmonary function test showed reduced FEV1/FVC. The impression indicated that there was insufficient data to draw a conclusion.

In the November 6, 2015, employees' and physicians' report of injury, Mr. Steele alleged an injury to his lungs as a result of workplace exposure while working in a coal pit, chopping coal, working on a high wall miner, and working as a mechanic for heavy equipment. The date of last exposure was listed as November 15, 2013. Vishnu Patel, M.D., completed the physician's section and listed the diagnosis as occupational asthma.

Treatment notes from Giles Community Hospital on November 21, 2013, indicate Mr. Steele sought treatment for shortness of breath and was diagnosed with shortness of breath, unspecified asthma, and personal history of tobacco use. On March 3, 2016, he was treated by Dr. Patel for difficulty breathing and asthma. He reported occasional labored breathing and chronic cough. The impression was asthma, labored breathing, and chronic cough. Mr. Steele was given medication, advised to avoid irritants, and given a handout about chronic obstructive pulmonary disease.

Mr. Steele underwent pulmonary function testing at the Lung Diseases and Sleep Disorders Clinic on June 28, 2016. The results indicated an FVC of 74%, FEV1 of 70%, FEV1/FVC of 106%, and MVV of 33% of predicted. DLVA was 186% of predicted and airway resistance was 1.36. He returned to Dr. Patel that day and reported occasional difficulty breathing. It was noted that he has a chronic cough. Dr. Patel diagnosed asthma, labored breathing, and chronic cough. On October 4, 2016, Dr. Patel noted that a chest x-ray taken on November 5, 2013, showed no acute pulmonary changes. Chest x-rays taken on October 31, 2013, showed pulmonary arterial hypertension and no acute pulmonary changes.

Dr. Patel testified in a deposition on October 7, 2016, that he is board certified in pulmonary disease, among others. He also completed a fellowship in pulmonary medicine, including occupational pulmonary disease. He first treated Mr. Steele on November 4, 2013, for pulmonary hypertension and shortness of breath. Dr. Patel found that Mr. Steele's symptoms were highly consistent with airway obstruction and asthma. Mr. Steele had a history of smoking but Dr. Patel found it was not significant. He had twelve years of coal exposure, and Dr. Patel found that the exposure was either causing or worsening the respiratory condition. Mr. Steele was placed on medication for the condition. Dr. Patel testified that he completed the physician's section of the report of injury. He noted that Mr. Steele's pulmonary function studies showed moderate chronic obstructive pulmonary disease or moderate airway obstruction, which is believed to result from the underlying asthma. Chest x-rays showed hyperinflation, which is consistent with chronic obstructive pulmonary disease. Dr. Patel opined that Mr. Steele developed occupational asthma as a result of his work and years of exposure to dust.

On cross examination, Dr. Patel testified that not all of Mr. Steele's x-rays show hyperinflation, which could have been a temporary finding since asthma is an episodic disease. The pulmonary function study performed on June 28, 2016, was of only fair quality and showed restrictive lung disease. It also showed an SEC1 SDC ratio of 106, which is not consistent with asthma. The FDS was 80%, which is not consistent with an obstructive airway disease. The test on June 28, 2016, was pre-bronchodilator and in order to assess for asthma, a bronchodilator medication must be used. Dr. Patel admitted that the June 28, 2016, study is not consistent with airway obstruction. He stated that additional testing needs to be conducted to definitively confirm a diagnosis of occupational asthma and should include both pre and post-bronchodilator studies and a methacholine challenge.

Pulmonary function testing was performed at the Occupational Lung Center on January 13, 2017. The results indicated an FVC of 92% of predicted pre-bronchodilator and 93% post bronchodilator. The FEV1 was 87% pre-bronchodilator and 91% post-bronchodilator. FEV1/FVC was 76 pre-bronchodilator and 78 post-bronchodilator. The FEF was 66% pre-bronchodilator and 69% post-bronchodilator. The FEF Max showed an 11% change between bronchodilator medication and the expiratory time was 8.79 pre-bronchodilator and 8.23 post-bronchodilator.

Marsha Bailey, M.D., performed an independent medical evaluation on January 17, 2017, in which she opined that Mr. Steele has a chronic cough and shortness of breath; however, he does not have asthma or occupational asthma. Dr. Bailey found no medical evidence to support a diagnosis of occupational asthma since none of the pulmonary studies documented any findings to support a diagnosis of reactive airway disease or asthma. Dr. Bailey stated that the pulmonary function testing performed on January 13, 2017, showed completely normal FVC, FEV1, and FEV1/FVC and Mr. Steele had no significant response post-bronchodilator. Dr. Bailey found several risk factors to support non-occupational causes of Mr. Steele's lung disease including gastroesophageal reflux disease, atopy, a history of smoking, and Crohn's disease. Dr. Bailey stated that research shows a strong correlation between inflammatory bowel diseases, which includes Crohn's, and pulmonary complaints. Dr. Bailey found that Mr. Steele does not have asthma and that his diagnoses of chronic cough and shortness of breath are likely a complication of his Crohn's disease.

Dominic Gaziano, M.D., performed an independent medical evaluation on February 17, 2017, in which he performed a chest x-ray and found it to be normal. Spirometry was also normal. Diffusing capacity for carbon monoxide was mildly reduced. Dr. Gaziano stated that he was not provided with important medical records necessary to make a recommendation. Specifically, he did not have hospital records or Dr. Patel's treatment notes. In a supplemental report dated May 31, 2017, Dr. Gaziano stated that he was provided with additional medical records. He opined, based on his review of the evidence and an examination of Mr. Steele, that Mr. Steele has asthmatic bronchitis with mild functional impairment.

The claims administrator rejected the claim on May 5, 2016. The Office of Judges affirmed the decision in its December 20, 2017, Order. It found that spirometry testing failed to

confirm the diagnosis of asthma. Dr. Patel testified in his deposition that pre and post-bronchodilator testing and a methacholine challenge needed to be conducted in order to confirm a diagnosis of asthma. The Office of Judges found four pulmonary function tests of record, none of which confirmed the diagnosis of asthma. The first test was on January 12, 2015, and was found to have insufficient data to draw a conclusion. The second test, performed on June 28, 2016, contained no post-bronchodilator testing. Further, Dr. Patel found the test was only of fair quality, the SEC1 SDC ratio was not consistent with asthma, and the FDS was not consistent with airway obstruction. The Office of Judges next looked to the test performed on January 13, 2017, which consisted of pre and post-bronchodilator testing. The only physician of record to interpret the results was Dr. Bailey, who found that the results showed no significant change. Dr. Bailey determined that a diagnosis of asthma could not be made. The Office of Judges next looked to Dr. Gaziano's February 9, 2017, spirometry testing. The test only included pre-bronchodilator testing; however, it was within normal limits and therefore, even if there was improvement after a bronchodilator was administered, the results would not indicate a diagnosis of asthma. Lastly, Dr. Bailey referenced two other pulmonary function tests, November 4, 2013, and December 22, 2014, both of which were conducted in Dr. Patel's office. Both tests showed a decrease, instead of an increase, after post-bronchodilator medication. Also, Dr. Patel noted that the December test showed chronic obstructive pulmonary disease with a component of restrictive lung disease, which asthma is not. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 23, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There were multiple pulmonary function tests performed on Mr. Steele over the course of approximately four years. None of the tests indicated a diagnosis of asthma.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 2, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II suspended and therefore not participating.

4